# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MCAFEE, LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-463 |
| | § | Judge Mazzant |
| JENNIFER E. KINNEY, et al. | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Percy O. Tejeda's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #30). Having considered the motion and the relevant pleadings, the Court finds that Motion to Dismiss should be granted in part and denied in part.

## BACKGROUND

Plaintiff McAfee, LLC filed suit against Defendants Jennifer E. Kinney ("Kinney"), Alan P. Coe ("Coe"), Percy O. Tejeda ("Tejeda") (collectively "Individual Defendants"), and Tanium, Inc. ("Tanium") after the Individual Defendants left their employment with Plaintiff to join Plaintiff's alleged competitor, Tanium. Tejeda was the first of the Individual Defendants to leave Plaintiff and join Tanium.

At all times during Tejeda's employment with Plaintiff, Tejeda resided in California and worked for Plaintiff in California. While working for Plaintiff, Tejeda signed an employment agreement ("Tejeda's Employment Agreement"). It contained the following relevant provisions:

> **3. Confidential Information and McAfee Property**
> During and after my McAfee employment, I will hold in strict confidence and not disclose or use any Confidential Information connected with McAfee business or the business of any McAfee's suppliers, customers, employees, or contractors. . . . For purposes of this Agreement, Confidential Information includes, without limitation: . . . personnel information (e.g. organizational charts, employee lists, skill sets, employee health information, names, phone numbers, email addresses, personnel files, employee compensation except where the disclosure of such personnel information is permissible under local labor law such as the right of

> employees to discuss compensation and working conditions under the US National Labor Relations Act), and other non-public McAfee data and information of a similar nature.
>
> . . .
>
> **5. Non-Solicitation and Misappropriation of Trade Secrets**
> . . . McAfee has a legitimate business interest in its continuing employment and customer relationships and in protecting those relationships from unlawful interference. Accordingly, I agree that during my employment and for twelve (12) months after my employment ends, I will not solicit, directly or indirectly, any employee to leave his/her employment with McAfee. During the twelve (12) months after my employment ends, this applies to any employees that were employed with McAfee as of my separation date from the Company and with whom I had business contact or about whom I had access to Confidential Information during my previous two years of employment with the Company prior to my separation.

(Dkt. #1, Exhibit 1 at pp. 20–21). Kinney had a substantially similar, if not identical, employment agreement with Plaintiff.

Now Tejeda, still residing in California, works for Tanium in California. After leaving McAfee and while working for Tanium, Tejeda reached out by electronic communication, to Kinney, who, at the time, lived and worked for Plaintiff in Texas. According to Plaintiff, these communications were intended to induce Kinney to disclose Plaintiff's confidential information in violation of her employment agreement, to, in fact, obtain Plaintiff's confidential information, and to recruit Kinney to work for Tanium.

On July 17, 2019, Tejeda filed the present motion to dismiss for lack of personal jurisdiction (Dkt. #30). On July 31, 2019, Plaintiff filed its response to the motion (Dkt. #52). On August 7, 2019, Tejeda filed his reply (Dkt. #59). No sur-reply was filed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non–

resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).[1] When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Int'l Truck & Engine Corp*, 259 F. Supp. 2d at 557 (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two–step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long–arm

---

[1] The Court held a hearing on Plaintiff's request to enter a preliminary injunction, and not on the present motion to dismiss. It does not appear that either party requests the Court to hold Plaintiff to a standard higher than a *prima facie* showing.

3

statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long–arm statute confers jurisdiction to the limits of due process under the Constitution. *Command–Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non–resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

## ANALYSIS

Tejeda contends that the Court should dismiss Plaintiff's claims against Tejeda pursuant to Federal Rule of Civil Procedure 12(b)(2) because he is not subject to personal jurisdiction in Texas. Plaintiff maintains that Tejeda waived his objection to personal jurisdiction. Further, Plaintiff argues that even if Tejeda did not waive the objection, that he is subject to personal jurisdiction in Texas. The Court first addresses waiver and then turns to the merits of the jurisdictional challenge.

### I. Waiver

Plaintiff argues that Tejeda waived his ability to assert a personal jurisdiction defense in this case by seeking affirmative relief with the Court. Tejeda vehemently contests this argument.

Federal Rule of Civil Procedure 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982). "A motion asserting any of [the 12(b)] defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Additionally, under Federal Rule of Civil Procedure 12(h)(1), "[a] party waives any defense listed in rule 12(b)(2)–(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2).

The Court agrees with Tejeda. Tejeda has made clear that he was not consenting to the Court's jurisdiction. The agreed motion to modify, which Plaintiff contends is Tejeda's first affirmative action, explicitly states that "[a]ny objections to jurisdiction and venue may be subsequently raised by the parties in due course of this case." (Dkt. #19 at p. 3). The Court granted the motion, finding that "any objections to jurisdiction or venue that may be raised by any party are *fully preserved and are not in any way affected or waived by the Agreed Motion or this Order*. Any objections to jurisdiction and venue may be subsequently raised by the parties and will be addressed by the Court in the due course of this case." (Dkt. #20 at p. 3) (emphasis added). Further, Plaintiff filed its answer timely, but did so subject to his jurisdictional challenge (Dkt. #25).

Moreover, participation in expedited discovery, which Plainitff moved for and the Court granted, and participating in the preliminary injunction hearing, after filing his motion to dismiss for lack of personal jurisdiction, do not indicate to the Court that Tejeda intends to litigate this case

5

on the merits as opposed to challenging the Court's jurisdiction to hear the case. *See Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190, Dkt. #163 (E.D. Tex. July 11, 2017) (citing *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *1 (S.D. Cal. July 5, 2017); *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 WL 2152438, at *2 (N.D. Ill. May 17, 2017) ("Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here . . . [and therefore] waived and/or forfeited their argument that venue is improper . . . .")).

This case is in its infancy—having been filed only two months ago (Dkt. #1), Tejeda properly preserved his objection in his first actions with the Court (Dkt. #19; Dkt. #20; Dkt. #25), and Tejeda timely raised his objection, only two days after he filed his answer subject to his jurisdictional challenge (Dkt. #30). The Court finds that Tejeda did not waive his challenge to personal jurisdiction.

**II. Merits**

In this case, Plaintiff asserts that the Court can exercise personal jurisdiction over Tejeda using specific jurisdiction and does not argue that general jurisdiction exists in this case.

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). For the Court to exercise specific jurisdiction, the Court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and

reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.*

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). As such, the Court will address the first two prongs, and then address the third.

### 1. Whether Plaintiff's Causes of Action Arise Out of Defendant's Forum-Related Contacts

Plaintiff filed suit against Tejeda alleging misappropriation of trade secrets under both 18 U.S.C. § 1836 and the Texas Uniform Trade Secrets Act, breach of contract, tortious interference with contract, aiding and abetting breach of fiduciary duty, and conspiracy to misappropriate trade secrets, tortiously interfere with contracts, and breach of fiduciary duties (Dkt. #1). "A plaintiff bringing multiple claims that *arise* out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Id.* at 274. However, courts may determine whether specific jurisdiction over distinct causes of action collectively where the claims are based on the same set of contacts. *See Weatherford v. Ecker*, No. 6:12-cv-034-C, 2012 WL 12894137, at *2 (N.D. Tex. Aug. 23, 2012) (discussing distinct causes of action collectively in deciding specific jurisdiction).

7

As such, the Court will address whether personal jurisdiction over Plaintiffs' distinct causes of action or collectively, where appropriate.

### a. Breach of Contract

Relevant to the current motion, the basis for Plaintiff's breach of contract claim against Tejeda is that during Tejeda's employment with Plaintiff, he entered into an employment agreement, which contained a non-solicitation provision. After Tejeda left Plaintiff to work for Tanium, he began contacting Kinney to recruit her from Plaintiff to Tanium, in violation of this provision. In doing so, he reached into Texas by sending over 100 text messages and placing twenty-five phone calls to Kinney, whom he knew worked and resided in Texas.

Generally, when courts analyze whether there is personal jurisdiction over a breach of contract claims, courts set out to determine whether the contract has created a "'substantial connection' with the forum." *S&D Trading Acad., LLC v. AAFIS, Inc.*, 494 F. Supp. 2d 558, 565 (S.D. Tex. 2007) (quotations omitted). However, the parties here do not appear to argue that the contract itself creates a substantial connection with the forum. Plaintiff's allegation for breach of contract is based on a contract between Tejeda, a California resident, and Plaintiff, a California LLC, that was formed in California, executed in California, and performed in California. There can be no suggestion that this creates any connection with Texas.

Here, however, Plaintiff asserts that the alleged breach is what occurred in Texas. Plaintiff suggests that this case is most like *Aerotech Holdings, Inc v. Alliance Engineering, LLC* and *Leap Wireless International, Inc v. Metro PCS Communications, Inc..*, "cases in which it was alleged that the defendant reached into Texas for the purpose of obtaining trade secrets, and in which the Court found sufficient grounds to exercise specific jurisdiction. (Dkt. #52 at p. 16). Plaintiff could be correct that these cases may be analogous for its trade secret claims, but this is an analysis

of its breach of contract claims against Tejeda. While there are a variety of causes of action asserted in these cases, there are no claims for breach of contract asserted in either of the cited cases. *See generally Aerotech Holdings, Inc. v. Alliance Eng'g, LLC*, 650 F. Supp. 2d 594 (N.D. Tex. 2009); *Leap Wireless Int'l, Inc. v. MetroPCS Commc'ns, Inc.*, No. 2:06-cv-240, 2007 WL 541428 (E.D. Tex. Feb. 14, 2007). Thus, the Court finds these cases unavailing to establish minimum contracts for Plaintiff's breach of contract claim.

Plaintiff additionally argues that the Court can properly assert personal jurisdiction over Tejeda because the effect of his actions would be felt in Texas. According to Plaintiff, because Kinney worked for Plaintiff in Plano, Texas the effect of losing her to Tanium would be felt in Plano, Texas. Thus, Plaintiff asserts that the Court can exercise personal jurisdiction using the "effects test" found in *Calder v. Jones*.

Generally, the "effects test" is used when the defendant has committed a tort or caused tortious injury; however, the Fifth Circuit allows courts to look to the "effects test" for any act that was seriously harmful. *See Guirdy v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (citations omitted). As explained by the Fifth Circuit,

> [w]hen a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses. Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.

*Id.* Here, Plainitff made no attempt to demonstrate that losing Kinney was seriously harmful to Plaintiff. Because allegedly breaching a contract is not a tort, and Plaintiff did not argue that it was an act that was seriously harmful, the Court finds the "effects test" inapplicable in this case.

Even if the Court did apply the effects test,

> [t]he [effects test] do[es] not replace the need for minimum contacts, but instead are to be assessed as part of the minimum contacts analysis. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). A plaintiff must also show conduct by the nonresident defendant that invoked the benefits and protections of the state or otherwise purposefully directed towards a state resident. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

*Aerotech Holdings*, 650 F. Supp. 2d at 599–600. As such, the Court will only look to any "effect" of the alleged breach of contract as part of the contacts analysis. However, Plaintiff has not met its burden to demonstrate how the fact that Tejeda reached out through electronic communication from California to Kinney in Texas, an alleged violation of his California contract, would create a substantial connection with Texas to establish minimum contacts. With nothing other than the possible effect of a breach of contract—and a breach that Plaintiff failed to show was seriously harmful at that—being felt in Texas, the Court cannot properly exercise personal jurisdiction over Tejeda on Plaintiff's claim for breach of contract.

### b. Misappropriation of Trade Secrets, Tortious Interference, Aiding and Abetting, and Conspiracy

Relevant to this motion, Plaintiff alleges that Tejeda, as a former employee of Plaintiff and former supervisor of Kinney, knew that she had executed an employment agreement that contained an obligation to maintain the confidentiality of Plaintiff's proprietary information. According to Plaintiff, despite knowledge of Kinney's agreement, Tejeda induced Kinney to violate this agreement. In so doing, Plaintiff maintains that Tejeda reached into Texas by sending text messages to Kinney, with knowledge that Kinney lived and worked in Texas, to obtain confidential information, including operations and personnel information.[2] Kinney in turn provided Tejeda

---

[2] The Court makes the distinction that there are over a hundred text messages in this case, but in this section, the Court only discusses the text messages that are related to Tejeda's alleged attempts to induce Kinney into violating her confidentiality obligations, as opposed to text messages relating to alleged solicitation. (Dkt. #30, Exhibit 1 at pp. 6–8).

10

with personnel information.³ Tejeda responds that courts are reluctant to find jurisdiction based on electronic communications and that minimum contacts need to be with the state and not a resident of the state.

The Fifth Circuit has explained that in "other cases . . . mere communications or negotiations with a resident of the forum state were not enough to subject non-resident defendants to the forum state's jurisdiction," but "'[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes personal availment.'" *Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999)); *see also Nat'l Oil Well Varco, L.P. v. Sadagopan*, No. H-16-2261, 2017 WL 2957908, at *5 (S.D. Tex. July 11, 2017) (holding the same to be true with electronic communications); *Seisa Med. Inc. v. Asia Capital Advisor, Ltd.*, EP-18-cv-79-KC, 2018 WL 5020226, at *9–10 (W.D. Tex. Sept. 20, 2018) (finding personal jurisdiction over a tortious interference claim when the defendant's action were directed toward Texas and the effect of the tort was felt in Texas). In the present case, the text messages Tejeda sent to Kinney are the basis of Plaintiff's intentional torts of misappropriation of trade secrets, tortious interference with contract, aiding and abetting breach of fiduciary duty, and the conspiracy claim that accompany these causes of action. It is important to note that Tejeda initiated many of the text conversations, was an active participant in the text conversation he did not initiate, and, at all times during these conversations knew Kinney lived and worked in Texas.⁴ *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 491–492 (5th Cir. 2018). Accordingly, the contacts are neither random nor

---

³ In the briefing concerning the motion to dismiss, Plaintiff asserts that this conduct is, at least in part, the basis for Plaintiff's misappropriation claim against Tejeda. At this stage, the Court accepts Plaintiff's allegations regarding the basis of its own claims.
⁴ The Court acknowledges that Tejeda stated in his affidavit that he did not know if Kinney was in Texas when she received the text messages, but in his deposition, he stated that he knew she lived in Texas and worked in Texas.

11

fortuitous, Tejeda reached out into Texas and the contacts arise out of the causes of action. Thus, the contacts are sufficient to meet the first two prongs of the jurisdictional analysis.

### 2. Whether the Exercise of Personal Jurisdiction is Fair and Reasonable

Since the Court has concluded that Defendants have sufficient minimum contacts with the State of Texas as to Plaintiff's claims for misappropriation of trade secrets, tortious interference with contract, aiding and abetting breach of fiduciary duty, and the conspiracy claim that accompanies these causes of action, the Court must now determine if its assumption of jurisdiction would offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Where, as here, minimum contacts are established, a nonresident defendant must make a "compelling case" against the exercise of personal jurisdiction. *See Wien Air Alaska,* 195 F.3d at 215 (citing *Burger King,* 471 U.S. at 477). Among the relevant factors to be considered by the court in making this determination are: (1) the burden on the defendant in having to litigate in the forum; (2) the plaintiff's interests in convenient and effective relief; (3) the forum state's interest in the lawsuit; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska*, 195 F.3d at 215).

Tejeda has failed to make a "compelling case" against the exercise of personal jurisdiction. His only argument is that, as a California resident, Tejeda should not be forced to travel to Texas to litigate claims based on actions he made while in California. However, although unrelated to the causes of action in this case, Tejeda has made several trips to Texas for work and has not demonstrated why litigating here would impose a significant burden on him. By actively reaching into Texas on several occasions, Tejeda should have reasonably foreseen that that he could be

haled into Texas for his alleged tortious actions. *See TransFirst Holdings v, Phillips*, No. 3:06-cv-2303, 2007 WL 631276, at *6 (N.D. Tex. Mar. 1, 2007).

Conversely, Plaintiff has "a strong interest in securing convenient and effective relief." *See In re Norplant Contraceptive*, 886 F. Supp. 586, 591 (E.D. Tex. 1995). Tejeda purposefully interjected himself into this forum when he sent several text messages to Kinney, knowing she lived and worked in Texas allegedly misappropriating trade secrets, tortiously interfering with Kinney's contract with Plaintiff, aiding and abetting Kinney to breach her fiduciary duty to Plaintiff, and conspiring to commit all these actions. The State of Texas has a strong interest in protecting the alleged tortious interference with a contract that was formed in Texas, with at least one Texas resident, and when the effect of that tort will be felt by a company in its Plano, Texas office and misappropriation of trade secrets, when the act of misappropriation took place in part in Texas. Finally, Texas will provide a convenient forum for the adjudication of this case, allowing this claim to be litigated with other claims arising out of the same alleged conspiracy. As such, the exercise of jurisdiction over Tejeda by this Court would not offend traditional notions of fair play and substantial justice.

The Court finds that it has personal jurisdiction over Tejeda as to Plaintiff's causes of action for misappropriation of trade secrets under both 18 U.S.C. § 1836 and the Texas Uniform Trade Secrets Act, tortious interference with contract, aiding and abetting breach of fiduciary duty, and conspiracy to misappropriate trade secrets, tortiously interfere with contracts, and breach of fiduciary duties.

## CONCLUSION

It is therefore **ORDERED** that Defendant Percy O. Tejeda's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #30) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Plaintiff's claims against Defendant Percy O. Tejeda for breach of contract are hereby **DISMISSED without prejudice**.

**SIGNED this 29th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE